#4

1539                    Pro se        Fee paid

In The Courts of Appeal of the U.S. Third Circuit of the Western District.

- - - - - - - - - - - - - - - - - - - - - - - - - - - )

A Samuel's Christian Home Care.          )   Petitioner files an appeal seeking
(Petitioner/Appellant)                   )   judicial review of the 'Boards'

                                         )   decision No. 3043 under

                    V.                   )    APP. Docket No. A-18-129.

                                         )

Center for Medicare & Medicaid Services. )
(Respondent/Appellee)                    )

- - - - - - - - - - - - - - - - - - - - - - - - - )


PETITION FOR JUDICIAL REVIEW OF THE DEPARTMENTAL APPEALS
BOARDS DECISION.

DOCKET NUMBER A-18-129

DECISION NUMBER 3043


Submitted By:


A Samuel's Christian Home Care

309 Huron Street, Industry PA 15052.

Date: August 29, 2021.

#4    ~~ESFP~~    Pro Se    Fee Paid

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania

Civil Rights ~~Pittsburgh~~ Division

| | |
|---|---|
| A Samuel's Christian Home Care | Case No. 2:21-cv-1143 |
| | *(to be filled in by the Clerk's Office)* |
| _____ | |
| ***Plaintiff(s)*** | Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | **FILED** |
| Center for Medicare and Medicaid Services. Michele Clinton, Lauren Reinertsen, Warren Albert, Linn Dawn, and Linda Chamberlain. | AUG 30 2021 |
| _____ | CLERK U.S. DISTRICT COURT |
| ***Defendant(s)*** | WEST. DIST. OF PENNSYLVANIA |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | A Samuel's Christian Home Care. D/B/F Ebenezer M. Singha |
| Address | 309 Huron  Street. |

| Industry | PA | 15052 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Beaver |
| Telephone Number | 724-643-1000 |
| E-Mail Address | |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Michelle Clinton |
| Job or Title *(if known)* | Survey Branch Manager DHHS |
| Address | 801 Market street. Suite 9400 |

| Philadelphia | PA | 19107 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | 215-861-4230 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Lauren Reinertsen |
| Job or Title *(if known)* | Associate Regional Manager c/o Suzanne Yurk Office of General |
| Address | U.S. DHHS .The Public Ledger Building. 150.S. Independence Mal |

| Philadelphia | PA | 19106 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | 215-861-4454 |
| E-Mail Address *(if known)* | laurenreinertsen@cms.hhs.gov |

☐ Individual capacity     ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Warren Albert |
| Job or Title *(if known)* | Surveyor |
| Address | 25 McQuiston Drive |
| | Jackson Center     PA     16133 |
| | *City*     *State*     *Zip Code* |
| County | Mercer |
| Telephone Number | 724-662-4000 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Linda Chamberlain c/o George R. Mitchel Esquire |
| Job or Title *(if known)* | Director Of Home Health. |
| Address | Office of Legal Counsel.Room 825 Health and Welfare Building 6 |
| | Harrisburg     PA     17120 |
| | *City*     *State*     *Zip Code* |
| County | Dauphin |
| Telephone Number | 717-783-2500 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Civil Rights Violation of age, disability and Race. Civil Rights Violation of 'Accommodation'. Violation of all the due process right to be heard at an evidentiary hearing. ASCHC's Right to be regulated with the same standard as other HHA without being harassed, intimidated, discriminated,, retaliated and overburdened by non-prescribed regulations, and not being accused and abused by unsubstatiated allegations.That PA DOH and the CMS not use purjury to harm me, and they should not withhold

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Civil Rights Violation of age, disability and Race. Civil Rights Violation of 'Accommodation'. Violation of all the due process right to be heard at an evidentiary hearing. ASCHC's Right to be regulated with the same standard as other HHA without being harassed, intimidated, discriminated,, retaliated and overburdened by non-prescribed regulations, and not being accused and abused by unsubstatiated allegations.That PA DOH and the CMS not use purjury to harm me, and they should not withhold

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Ms. Linn Dawn in May 2017 in her email preplanned with the goal in mind to close ASCHC by merging ASCHC with the other HHA that the owner owned. Ms. Dawn sent Mr. Warren Alber to see if he could accomplish her goals. Ms. Dawn did not properly supervise Mr. Albert who in hia quest to please Ms.Dawn started to find citations that he did not find the first day of the survey. Ms. Dawn the supervisor overlooked the fact that her subordinate was giving out ubsubstantiated citations as if they were a dime

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Mostly due to the two surveys conducted in August 2017 and September 2017. These civil rights violations and constitutional violations were   pre- survey, diring the survey and post surveys.

B. What date and approximate time did the events giving rise to your claim(s) occur?

The claims have occured between 2017 and 2018.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Injuries include depression, loss nof appetite, ilow esteem , insomnia, Mental anxiety and anguish. for four years. I am on antidepressants since this saga started.. Cuased personal bad reputation. Bad reputation to ASCHC. Humu;iation caused to me, worsening of my disability, and worsening of my heart condition.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I want the 'Court to grant me a jury trial.
I want the court to reverse the DAB decision dated July 1, 2021, I want this court to vacate the PADOH's default decision.   I want the PA DOH and CMS to pay for the 'court Costs'.
I request that the court to award me for damages from the PA DOH of atleast one million dollars ($ 1000000.00) at least and as the Court or jury sees fit. These damages include compensatory, punitive damages and health damages and civil rights violation damages like harassment, imitidation, discrimination, threats and retaliation, violation of SBREFA, due process violations. These damages also include elder abuse and ruining my retirement.
I request that he court award me  damages from CMS of at least one Million dollars ($1000000) from CMS or the amount the court or the jury sees appropriate. These damages include compensatory, punitive damages and health damages and civil rights violation damages. like harassment, imitidation, discrimination, threats and retaliation, violation of SBREFA, due process violations. .These damages also include elder abuse and ruining my retirement..
I request that he court award me  damages from Lauren  Reinertsen for her part in this matter. The damages to be awarded to me should be atleast one hundred thousand dollars, ($ 100,000) or what the jury or the court belies is reasonable.
I request that he court award me  damages from Michelle Clinton for her part in this matter. The damages to  be awarded to me should be atleast one hundred thousand dollars   ($ 100,000) or what the jury or the court belies

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            08/27/2012

Signature of Plaintiff       *Ebenezer M. Singha*
Printed Name of Plaintiff    Ebenezer M. Singha.

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

Telephone Number
E-mail Address

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 5.

Name    Linn Dawn

Job or Title *(if known) Supervisor*

Address
*City*     *Jackson Center*
*State*          *PA*
*Zip Code*     *16133*
County   Mercer.
Telephone Number  724 -662- 4000
E-Mail Address *(if known)*
' Individual capacity '  YES        Official capacity YES.

In The Courts of Appeal of the U.S. Third Circuit of the Western District.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -)

A Samuel's Christian Home Care.                )     Petitioner files an appeal seeking
(Petitioner/Appellant)                                  )      judicial review of the 'Boards'

                                                               )       decision No. 3043 under

                    V.                                     )       APP. Docket No. A-18-129.

                                                               )

Center for Medicare & Medicaid Services.    )
(Respondent/Appellee/Defendants).               )

-    Lauren Rhinertsen. (CMS)                         )
-    Michelle Clinton.    (CMS)                          )
-    Linda Chamberlain. (PADOH for CMS)       )
-    Linn Dawn.             (PA DOH for CMS)      )
-    Warren Albert.       (PA DOH for CMS)      )
-    - - - - - - - - - - - - - - - - - - - - - - - - - -  )

Here, comes Ebenezer M. Singha pro se, D/B/A.  A Samuel's Christian Home Care
(from henceforth being referred to as 'ASCHC') respectfully appeals to 'The U.S.
Third Circuit District Courts of Appeal of the Western District for a 'judicial review'
of the 'Board's 'Summary Judgement decision' No. 3043 under Docket No. A - !8-
129 affirming the 'summary judgement' of the ALJ in favor of CMS to rescind
ASCHC Medicare participation agreement. ASCHC wants the 'Board's decision to
be vacated or reversed.

1

# Jurisdiction.

The Courts of Appeal of the U.S. Third Circuit of the Western District has the 'Jurisdiction' over the appeal that ASCHC brings forward to this 'Court'. The 'Departmental Appeals Board' (from onwards referred as the 'Board') on July 1, 2021 rendered its Decision number 3043 under the Docket No. A-18-129 affirming the Administrative Law Judge (ALJ) decision in favor of CMS and against ASCHC. This 'Court' has 'jurisdiction' pursuant to 42 C.F.R. § 498.102. *See* 42 C.F.R. §§ 498.90, 498.5, 498.95, 498.100, and 498.102; *see also* sections 205(g) and 1128A (e) of the Social Security Act. Also see 28 U.S.C. 1331 et. seq.

**REASONS FOR THE APPEAL TO THE U.S. COURT OF APPEALS OF THE THIRD CIRCUIT WESTERN DIVISION OF PENNSYLVANIA.**

This case involves U.S. Constitution violations by the CMS Regional Office (CMS RO) in Philadelphia PA, the PA Department of Health (PADOH) and the 'Board'. The Violations were pervasive over an extensive period of time and include but are not limited to following violations:

Paragraph 1.

1.) CMS RO, PA DOH and the BOARD did intentionally committed the 'Civil rights violation' i.e. the 'Accommodation' rights against a disabled person of a different race, and who is elderly.
ASCHC alleges that some of these specific 'Accommodation rights' violations were related CMS regulation 2180D, CMS regulation 42 CFR 424.540. There were also violations against CMS SMALL ENTITY COMPLIANCE GUIDES. ASCHC also alleges that CMS RO and PA DOH also violated the SBA 'Small Business Regulatory Enforcement Fairness Act; (SBREFA).
ASCHC alleges that PA DOH and its employees and the CMS RO and its employees conspired and violated the above 'accommodation' regulations.
ASCHC alleges that the Board wanted to overlook the flagrant 'civil rights' and the U.S. 'Constitutional' violations committed by both CMS RO and the PA DOH, so the Board employed its gamesmanship and never scheduled an evidentiary 'summary judgement' hearing when matters of law were in dispute and 'material facts in the 'Record' were in dispute.

Paragraph 2.

2.) ASCHC alleges that PA DOH and CMS RO imposed over-regulatory burden on ASCHC which is a small business. ASCHC alleges that on November, 13, 2017 Mr. N.M. of the SBA was duly concerned about ASCHC's allegation of over-regulatory burden being imposed. He took action. ASCHC alleges that Mr. N.M. appropriately posed eight (8) questions for Mr. O.C. of the CMS to answer. These questions of November 2017 ASCHC also became more relevant in 2018 as CMS RO and PADOH imposed 'new unwarranted' additional sanctions on a 'closed case'. On this appeal SBA's question remain alive for this 'court' and the 'jury'and now must be answered by PA DOH and CMS RO again.

3

*Mr. Nathan's Millers questions:*
*1) "Why and how did you take the enforcement or compliance action(s)?*
*2) Did you notify the small business about the enforcement or compliance action(s)?*
*3) Did you review the action(s) of the investigation, audit, inspection, individual to ensure compliance with your agency's policies and procedure?*
*4) Were your agency's regional and program offices responsive to the small business?*
*5) Was the small business informed of their right to contact the office of the National Ombudsman at SBA?*
*6) Did your agency consider any alternatives to the enforcement action such as waving penalties or reducing fines?*
*7) As a result of the issues raised by this small business concern, has your agency implemented any change to address this situation in the future? If so. Please describe the changes implemented.*
*8) Did your agency evaluate the impact of the enforcement or compliance action on the continued operation of the small business? If so, after such evaluation, was your initial decision modified?"*

Please note that when a complaint is filed with the SBA, SBA contacts the higher authorities or departments in the governmental agencies to resolve small business concerns. Therefore, in this case the proper and relevant 'department' to resolve ASCHC concerns was: **Survey and Certification Group/Center for Clinical Standards and Quality CMS in Baltimore Maryland.** Ms. S.L. works in this department and took on the responsibility in resolving this 'small businesses concerns' of over-regulatory burden and embarked in doing the 'high level' IDR review in December 2017  as requested by ASCHC and SBA.

ASCHC alleges that in January 3, 2018, the CMS RO opened a 'closed record' and attacked it. It then conjured up  its 'Revised Determination', and insisted on unnecessarily imposing an over-regulatory burden **again** on ASCHC by violating CMS regulation 2180 D, CMS regulation 42 CFR 424.540, and violating SBREFA, (Small Business Regulatory Enforcement Fairness Act) .

Paragraph 3

3.)  ASCHC alleges that CMS in its 'Revised Determination' letter' dated January 3, 2018 did not offer ASCHC an opportunity to come back into compliance or offer an opportunity to informally dispute the alleged 'revised deficiency'/ Revised

Determination through the IDR review process. ASCHC alleges that this 'Revised Determination' was too an imposition of an over-regulatory burden on ASCHC a small business entity, which was violation against the SBREFA).  ASCHC alleges that PA DOH and CMS repeatedly overburdened ASCHC despite the 'Record' being closed.

Paragraph 4

4.)  ASCHC alleges that both PA DOH and the CMS RO have been involved in 'Due process violation' i.e. not allowing the accused to be heard at an 'evidentiary hearing'. These violations have occurred throughout these past four years either at the 'State' level or at the 'federal level because of this 'fake' revised deficiency. ASCHC alleges that both PA DOH and CMS RO used their illegal, and deceitful maneuvering and prejudicially worked out a plan to not allow this elderly person with disabilities  not to be heard at a proper full length ' evidentiary hearing' or a 'summary judgement' hearing.
ASCHC alleges that PA DOH introduced the disputed 'Default motion' and the CMS RO introduced the disputed and illegal 'summary judgment motion' to accomplish their goal i.e. not to allow ASCHC to be heard. ASCHC alleges that it has not been given the opportunity to refute their revised allegations, to present its counter evidence, introduce counter allegations, and defeat their motions as they were against the law  and as disputed 'material facts' do exist. CMS RO, ALJ, and the Board did not schedule a much needed 'evidentiary hearing' or a 'summary judgement hearing.

Paragraph 5

5.) ASCHC alleges that both CMS RO and PA DOH conspired. PA DOH was involved in 'Doctoring' federal and State documents i.e. the August 2017 'Statement of deficiencies' (SOD), and presenting to CMS to take action. ASCHC alleges that in September 2017 PA DOH with the approval and guidance from CMS RO conjured up a f/u SOD, which was a three hundred page (300) federal document against CMS regulation CFR 424.540. CMS and PA DOH thought they had accomplished a 'great feat' in human history against an elderly disabled person.
ASCHC alleges that in January 2018 PA DOH tampered the August 2017 SOD

again.
ASCHC alleges that this is a violation civil procedure and violation of U.S.
constitution.
Because of PA DOH's misconduct ASCHC alleges that he has had to suffer
detrimental consequences unnecessarily.

Paragraph 6.

6.) ASCHC alleges that PA DOH when in October 17, 2017 when 'recommending to
CMS RO to 'terminate ASCHC Medicare participation agreement it  'doctered'
the August 2017 SOD by deleting the very relevant ASCHC's approved POC's
and deleted all the Scope/Severity ratings from their assigned columns. The SOD is
also known as CMS form 2567 and is a federal document.

Paragraph 7.

7.) ASCHC alleges that CMS RO knowingly accepted this August 2017 SOD
'doctoring' and accepted the conjured up September 2017 SOD both federal
documents and willingly condoned such doctoring and conjuring. The September
SOD was inaccurate, deceitful and contained fictitious citations which were cited
CMS regulation 42 CFR 424.540. CMS RO instead of carefully reviewing the
ASCHC's entire 'record' failed in protecting ASCHC interests.

Paragraph 8

8.) CMS RO failed to protect ASCHC from the vile attack by the PA DOH surveyor.

Paragraph 9.

9.) PA DOH in 2019 was again involved in tampering. In 2019 PA DOH tampered the
'Original evidentiary record', and advanced it as the 'Certified Record' to the
Commonwealth Court of PA to mislead the appellant court/s.
PADOH conjured up a prejudicial 'Certified Record' to substantiate their claim
against ASCHC. ASCHC further alleges that PADOH ignored protecting and

preserving evidence favorable to ASCHC. ASCHC, alleges that this is against the 'rules of evidence'. This is a violation of U.S. constitution.

Paragraph 10.

10.)                    When PADOH submitted the concocted 'Certified Record' CMS RO had full knowledge of this tampering and did not stop PA DOH of this illegal maneuvering. Instead CMS RO condoned such PADOH's practice of 'spoliage' of evidence
Please note: When PADOH is in a 'civil litigation' the CMS RO per CMS regulation takes control and provides legal supervision and advice to the PA DOH.

Paragraph 11.
11.)        ASCHC alleges in January 2018, both PA DOH and CMS RO, knowingly advanced unsubstantiated and frivolous allegations which are against the 'law' and fabricated 'material facts' to cause harm to ASCHC. This is illegal. This is a violation of U.S. constitution, and of civil procedure.

Paragraph 12

12.)        ASCHC alleges that on January 23, 2021 PADOH knowing that the case against ASCHC was closed per CMS CO IDR review in December 2017, advanced a 'strawman' allegation of 'Specific serious' deficiencies by deleting the August SOD's and Scope/Severity ratings from its entire column. This August SOD is a federal document and is a three hundred page document when printed on my photo coping machine.

Paragraph 13

13.)        ASCHC alleges that in January 2018 PADOH did not send the September 2017 SOD knowing that PA DOH's

revocation order was partly based on the September 2017 SOD.
ASCHC requested PA DOH in writing to send the September
SOD.
PA DOH belligerently ignored ASCHC's genuine request. This
PA DOH refusal hampered ASCHC's attempt to fully answer the
allegations set forth in the 'Revocation Order' of January 23,
2018.

Paragraph 14

14.)     ASCHC alleges that PADOH in spite of withholding the
above mentioned September 2017 SOD had the veracity to motion
on May 1, 2018 for a 'Default judgement' based on the fact that
ASCHC did not in its 'answer' specifically deny the **allegations
based on the two SOD's** set forth in the 'Revocation Order'.

Paragraph 15.

15.)      CMS RO knew about all the PA DOH malpractices that
it was incurring.  The PA DOH was involved in illegal
malpractices in both 'the law' and in the 'material facts'. CMS
RO did not stop PA DOH but instead condoned PA DOH's
malpractices.

Paragraph 16
16.)     ASCHC alleges that PADOH was knowingly and
repeatedly withholding evidence, to cause harm. The PADOH is
withholding the 'Original Record' of ASCHC which is extensive.
It is also withholding the two complete SODs, withholding email
exchanges, withholding CMS CO IDR report, and withholding
'patients' clinical record' all of which refute the PA DOH's
August 2017 citations and all the allegations contained in the

January 2018 'Revocation Order'.  This is a violation of U.S. constitution i.e. 'Rules of evidence' and 'due process violations'.

Paragraph 17.

17.)        ASCHC alleges that in October 2017 CMS RO violated CMS's 'Termination procedural regulations' like CMS 42 CFR 488.885, 42 CFR.856, and against CMS 3022, 42CFR 489.53 reason 17, See SOM 3.

Paragraph 18.

18.)        ASCHC alleges that in October 2017 PADOH did not inform/warn the provider in writing of its secretive intent to recommend CMS RO to initiate 'Termination proceedings against ASCHC. This notification is required by CMS regulation 3020 thus violating this regulation.

Paragraph 19.

19.)        ASCHC alleges that PADOH did not submit certificate of noncompliance to ASCHC, as required by CMS 3020. PADOH did not submit to **CMS'RO'** and to **CMS CO and to ASCHC** 'patients clinical records', and other documents to support the proposed termination. Documents like 'Current Survey Reports' i.e. CMS form 3018A1, past contact information 3018B, were not submitted violating these 'Termination Regulation/s.'

Paragraph 20.

9

20.)      ASCHC alleges that PADOH did not submit to **CMS RO** and **CMS CO** documentation of collateral evidence i.e. copy of ASCHC renewed license issued on September 26, 2017, and pertinent provider (ASCHC) records, 'patient clinical records to support its adverse finding as required by (3026F), 3026G, 3304. PADOH again violated the CMS 'Termination Procedure and Protocol'.

Paragraph 21.

21.)      PADOH did not inform ASCHC or CMS'RO' or CMS'CO' that it gave 21 f/u citations, and that it flagrantly defied and violated CMS regulation CFR 42 CFR 424.540 which ASCHC alleges forbids any citations to be given.

Paragraph 22

22.)      PADOH violated 'IDR' review regulations i.e. CMS regulations i.e. 3016E/3026B/488.331 (a)/488.431/488.331(c). PADOH for the f/u SOD did not offer the 'IDR' review, although ASCHC was eligible.

Paragraph 23.

23.)      ASCHC alleges that PA DOH and CMS RO knowingly violating numerous other federal and State regulations to cause harm. These are violation of civil procedure.

Paragraph 24.

24.)      ASCHC alleges PADOH attempted to cause ASCHC to violate HIPPA.

10

Paragraph 25.

    25.)       Other CMS regulatory rules violation like CMS 484.10 (f), 484.14 (b), 484.14c, 484.18, 484.18 (a), 418.18 (b), 484.30, 484.30 (a), 484.32, 484.84, 484.55(c), CFR424.540, CMS regulation3018, 3018AI, 3018B,3018C,484.110, 484.50(c)(c), CMS regulation 3006.5C, CMS regulation 10009.3-1, CMS regulation10009.3-2, CMS 42 CFR 331, and CMS 42CFR 489.53.

Paragraph 26.

    26.)       The PA DOH surveyor, the hearing officer, the 'Health policy Board' also did not uphold the following Pa 'State' violations, instead they violated them i.e.601.21, 601.21©, 601.21(d), 601.31, 601.31(b), 601.36(a), 601.14(b), 601.14(c), 448.811(2).

Paragraph 27.

    27.)       ASCHC was surveyed with a **different surveying Standard?** The surveying standard included,  threats, intimidation, retaliation, over-regulatory burden, fake citation, frivolous allegation, deletions of POC's, deletions of Scope/Severity ratings, and other violations of State and Federal regulations.

Paragraph 28.

    28.)       PADOH and CMS RO provided a **wrong surveying standard** to ASCHC. PADOH violated CMS regulations, like CMS code 484.110, 484.50c(3), 42 CFR 424.540 and  cited ASCHC This is a violation of CMS's prescribed regulations.

Paragraph 29.

29.)        ASCHC alleges in September 2017, PADOH violated
601.14(c). by not giving ASCHC notice of 'adverse sanction' and
notice of appeal.

Paragraph 30,

30.)        CMS RO making false statement i.e. "after careful
review" in the Termination letter dated October 17, 2017 is very
questionable. This is perjury. Perjury is a violation of U.S.
constitution.

Paragraph 31.

31.)        Knowingly, not allowing 'Equal protections of the law to
the aggrieved party'.  This is a violation of U.S. constitution.

Paragraph 32.

32.)        ASCHC alleges that PADOH AND CMS RO
throughout this saga used 'conspiracy' as their tool to cause harm.
People involved in this conspiracy were:  Warren Albert, Linn
Dawn, Linda Chamberlain, Lauren Reinertsen, and Michele
Clinton.
'Conspiracy' to defraud or cause harm is a violation of 'civil
rights' violation and violation of U.S. constitution.

Paragraph 33.

33.)     ASCHC alleges that Ms. Reinertsen made false statements in her October 17, 2017 'Termination Notice'. She made false accusatory statements in her letter dated January 3, 2018. She this in retaliation to CMS CO December 2017 determination/s. She did this to the detriment of ASCHC.

Paragraph 34

34.)     Ms. Michelle Clinton was disingenuous to her response to U.S. Senator Casey in her email dated September 25, 2017.

Paragraph 35.

35.)     Both CMS RO and PADOH employed 'bad faith' and 'bad intent' to regulate this small 'Home Health Agency.

Paragraph 36.

36.)     PADOH and CMS RO condoned each other's misconduct knowingly. This again is conspiracy and is violation of civil procedure of the U.S. constitution.

Paragraph 37.

37.)     CMS RO reneged its responsibility to oversee PADOH's unbecoming conduct.  This is a violation of the fiduciary responsibility bestowed upon CMS RO by the U.S. Secretary of Health.

Paragraph 38.

38.)     The May 2017 Pre-planning for the upcoming August 2017 survey done by PADOH, ASCHC was indeed targeted and with the goal in mind to close ASCHC. This preplanning was done in 'bad faith and with bad intent as shown by Ms. Linn

Dawn's email.  This is discriminatory attack was pre-empted and a violation of U.S. civil rights and of the 'Constitution'.

Paragraph 39.

39.)        The PA DOH did a biased IDR in October 2017. This is a violation of CMS regulations and a civil rights violation. CMS holds PA DOH accountable for the authenticity of the IDR review per IDR regulation.

Paragraph 40.

40.)        Surveyor asking ASCHC to photocopy 'patients clinical charts in their entirety was in retaliation. This was overburdening a small HHA agency with excessive unnecessary photo coping of 'Patients Clinical Records'.  It was a violation of SBREFA.

Paragraph 41.

41.)        PADOH surveyor Lost or misplaced or withheld the 'Patients Clinical Records' of ten (10) patients when he knew that PADOH was going to review his citations through the IDR review process.
The surveyor recommending 'Medicare Termination' sanction through Linda Chamberlain to CMS RO in October 2017 was improper. ASCHC alleges that the surveyor exhibited maleficence, reneging his fiduciary responsibility and was involved in 'spoliage of evidence.  This is an example of deceitful gamesmanship on the part of the surveyor, Linda Chamberlain, Linn Dawn and CMS RO officers Michelle Clinton and Lauren Reinertsen to cause harm ASCHC.

Paragraph 42.

42.) CMS RO reneged its responsibility to verify the authenticity of the doctored August 2017 SOD as required by the CMS termination procedure and protocol. CMS RO should have enquired of PA DOH whether ASCHC had submitted any POC's or not. CMS RO should have asked PA DOH why it deleted the 'approved POC's and Scope/Severity ratings from the entire August 2017 SOD. CMS RO should have asked PA DOH why the 'Department gave the same f/u 34 citations in September 2017, all of which were against CMS's own regulation 42 CFR 424.540. CMS RO should have asked PA DOH with all these number of citations why did PA DOH lift the license sanction and renewed ASCHC license and then recommend to CNS RO to terminate ASCHC's Medicare participation agreement.

Paragraph 43

43.) ASCHC alleges that CMS RO illegally recommended to the 'fiscal intermediary Dianne Gordon to terminate ASCHC billing privileges. Ms. Gordon in her letter dated November 13, 2017, indicated that the basis for the termination of 'billing privileges' was that ASCHC had not submitted 'POC's.

Paragraph 44.

44.) ASCHC alleges that it is questionable whether PA DOH and CMS RO in November 2017, submitted to CMS CO all the relevant ASCHC documents on file for CMS CO to do a complete IDR review.

Paragraph 45.

45.) PADOH or CMS RO demonstrated abuse of regulatory authority in December 2017 and therefore did not delete the September 2017 'State' deficiencies from the f/u SOD per CMS CO directive/s. Applicable here is 'State' regulations 601.11 titled 'LICENSURE'.

15

Paragraph 46.

46.)        PA DOH inappropriately in December 2017 or early
January 2018 recommended to CMS to re-sanction ASCHC based
on a 'Closed Record'. ASCHC alleges that PADOH provided
license information and to CMS RO. CMS RO deliberately
misconstrued the license information.
ASCHC alleges that CMS RO ignored the license information
provided to them by the PADOH on December 19, 2017.The PA
DOH provided license information to CMS RO that clearly
showed that ASCHC was equipped and was budgeted to provide
'skilled Nursing' and 'Home health aide' services if ordered by a
physician. ASCHC alleges that Physician orders are to be
followed by all HHA's. These 'physician Orders' are documented
in the 'intake referral form', in the patients charts, and on the
'Plan of Care form known as the CMS form 484. ASCHC alleges
that CMS RO is wrong in requiring ASCHC to provide all
therapeutic services even though they are not 'Ordered by the
patient's physician. ASCHC alleges that CMS RO is requiring
ASCHC to be actively involved in 'Medical Malpractice' and be
involved in the fraud of 'Medical Billing'.

Paragraph 47.

47.)        PADOH and CMS RO in December 2017, did not submit
to ASCHC the CMS CO IDR report. This was a procedural error.

Paragraph 48.

48.)        The CMS RO did not rescind the 'Termination sanction'
in December 2017 according to the IDR results and the guidelines
and protocol that have to be followed after a successful IDR

review.

Since CMS CO took the responsibility to do the IDR, CMS CO had control over the ASCHC's case. The consequences of the successful IDR results were not followed by PADOH or the CMS RO.                                    ASCHC alleges that CMS RO on January 3, 2018 overstepped the authority of the CMSCO and upon its own illegal volition sanctioned ASCHC. ASCHC alleges that CMS RO "Reopened" a 'Closed Record' illegally and introduced the 'Revised Determination' on a 'Closed Record' illegally. ASCHC alleges that the 'Record' was closed period. ASCHC alleges that CMS RO stipulates that the 'Record' was closed. ASCHC alleges that the license issue was closed and the 'Medicare recertification' issue was closed, the two SOD's were closed.

Paragraph 49.

49.)      ASCHC alleges that CMS RO did not consult with CMS CO whether ASCHC fits the definition of a HHA according to CMS regulations 2180 D as was precisely required in this situation because a civil litigation was going to ensue because of this frivolous allegation? ASCHC alleges that CMS RO did not consult the 'head office i.e. CMS CO in Baltimore whether ASCHC fits the definition of a HHA especially in lieu of the information provided by the PA DOH to CMS RO on December 19, 2017 authenticating that ASCHC was equipped and budgeted to provide 'Skilled Nursing' and 'Home health services' by well trained   personnel when ordered by a physician.

Paragraph 50.

50.)      ASCHC alleges and believes that on December 12, 2017 CMS CO did not rule in its IDR report that ASCHC did not fit the definition of HHA according to Social Security act 1861. ASCHC alleges that CMS CO did not allow or give approval to CMS RO to 'Reopen' the 'closed record' on its own volition against ASCHC?

Paragraph 51.

> 51.)      ASCHC alleges that CMS RO did not question PA DOH
> as to why it renewed ASCHC license on September 26, 2017
> when ASCHC did not fit the definition of a HHA according to
> Social Security act 1861?

Paragraph 52.

> 52.)       ASCHC alleges that CMS RO did not confirm with the
> PADOH that all the information it submitted to this CMS office
> prior to or subsequent to the January 3, 2018 'Revised
> Determination' letter was legally verified for its correct
> interpretation, analysis, veracity and authenticity.

Paragraph 53.

> 53.)      ASCHC alleges that CMS RO with this 'Revised
> Determination' did not give ASCHC the opportunity to dispute
> this **'Revised citation'** allegation through the IDR review process.
> This IDR review required CMS RO by CMS regulation to offer
> ASCHC a IDR review in writing to dispute this 'revised citation'
> or allegation. CMS RO violated this provision contained in the
> IDR review process.

Paragraph 54. SODs'

> 54.)      SEE
> Ms._Rihertsen_the_August_surveys_SOD_on_10172... [236 KB]
>                Supporting Documents/Exhibits - *SOD sent by*
> *Ms. Rhinertsen*
>
> Follow_up_Survey_not_finalized.pdf [785 KB]
> Supporting Documents/Exhibits - *F/u survey not finalized yet*

**Paragraph 55.**

55.)        ASCHC alleges that Warren Alberts 'Declaration' dated June 1, 2018 contained some statements that are questionable.

Paragraph 56.

56.)        Mr. Warren Alberts and Ms. Donna Labon's discussion with ASCHC administrator in 2016 are important and relevant to this case.

Paragraph 57.

57.)        ASCHC alleges that PA DOH's declaration to PHRC regarding having a surveying provision for HHA's that do not have an 'active patient' is very telling. ASCHC alleges that according to PA DOH not having an 'Active patient is not a deficiency.

Paragraph 58.

58.)        ASCHC alleges 'Pervasive Lack of Supervision'.
Ms. Linn Dawn did not supervise Warren Albert properly.
Ms. Linda Chamberlain (PA DOH) did not supervise Mr. Albert.
Ms. Michelle Clinton (CMS RO) did not provide her oversight responsibility over the 'State Agency i.e. PA DOH,
Ms. Lauren Reinertsen (CMS RO) did not provide her oversight responsibility over Ms. Michelle Clinton (CMS RO) and Ms. Linda Chamberlain of the PADOH. Ms. Chamberlain and her two surveyors were involved in closing ASCHC in 2014, but they were sadly unsuccessful and defeated. ASCHC alleges that Linda Chamberlain carried the grudge.

Paragraph 59.

59.)          ASCHC alleges that Ms. Linn dawn  and Ms.
Chamberlain both signed off a notoriously built up or conjured up
Alberts August and September 2017 SOD's, knowing that Albert
cited deficiencies against the CMS regulations and against
'patients' clinical records' and against other ASCHC's policy and
procedural documents. ASCHC alleges that Ms. Chamberlain
went still further and advanced these faulty SODs to CMS RO
with her recommendation to terminate ASCHC's Medicare
Participation Agreement. Chamberlain if that wasn't enough went
still further and illegally deleted POC's and Severity ratings from
the entire August 2017 SOD.

Paragraph 60.

60.)          The f/u September required POC's. ASCHC submitted
the POC's as required, but PADOH has adjudicated some, but not
all the POC's and to date they remain in the submitted phase.
However the case is closed.


## RELIEF  SOUGHT.

It must be stated that the 'summary judgement' decision of the Board
dated July1, 2021 was biased and against CMS regulations and
guidelines and against the 'material facts' of this case. There remained
many disputed facts and so the 'summary judgement' was incorrectly
handed down against ASCHC by the BOARD.
CMS RO in January 3 2018 by way of 'Reopening' the 'Closed Record'
with a 'Revised Determination' WAS ILLEGAL. This was done in 'bad
faith' with the sole goal to harm the owner who is disabled, elderly and
of a different race. CMS RO did this in retaliation to CMS CO IDR
results which caused embarrassment and humiliation to both CMS RO
and PADOH.  Overall this four year saga that ASCHC has faced has
been inhumane. ASCHC asks that the Board's decision be reversed.
ASCHC also asks that CMS RO, PADOH and all the co-defendants pay

compensatory damages, punitive damages and other monetary damages
that the U.S. jurisprudence allows to ASCHC.

ASCHC truly requests a 'JURY TRIAL'. Thank you.

Respectfully submitted:

By

Ebenezer M. Singha Pro se

D/B/A.

A Samuel's Christian Home Care

309 Huron Street

Industry PA 15052

Telephone Number 724- 643-1000

Date: August 30, 2021.

21