IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A SAMUEL'S CHRISTIAN HOME CARE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-cv-1143 ) |
| CENTER FOR MEDICARE AND MEDICAID SERVICES, MICHELE CLINTON, LAUREN REINERTSEN, WARREN ALBERT, LINN DAWN, and LINDA CHAMBERLAIN, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court are Defendants' respective motions to dismiss Plaintiff's Complaint. (Docket Nos. 7 (Commonwealth Defendants' Motion), 12 (Federal Defendants' Motion)). The Court has considered these motions and supporting briefs (Docket Nos. 8, 13, 18, 21), along with Plaintiff's Opposition thereto. (Docket Nos. 17, 20). For the reasons explained herein, Defendants' motions shall be granted, and the claims in Plaintiff's Complaint shall be dismissed without prejudice.

Plaintiff, A. Samuel's Christian Home Care ("Plaintiff" or "ASCHC"),[1] participated in the Medicare program as a home health agency ("HHA") subject to state and federal regulation. (Docket No. 13-1, pg. 7). ASCHC initiated the present action on or about August 30, 2021, by filing a form Non-Prisoner *Pro Se* "Complaint for Violation of Civil Rights" that Plaintiff entitled

---

[1] In the Complaint, Ebenezer Singha is described as a *pro se* plaintiff doing business as ASCHC. (Docket No. 1, pg. 9). On March 13, 2024, this Court entered an order acknowledging the apparent death of Ebenezer Singha. (Docket No. 28). At that time, the Court ordered that Defendants and any successor in interest or representative of Ebenezer Singha provide the Court with a Status Report within fourteen days. (*Id.*). Defendants complied with the Court's Order. (Docket Nos. 29, 30). But the Court has yet to receive a Plaintiff's-side status report.

"Petition for Judicial Review of the Departmental Appeals Boards Decision." (Docket No. 1). Therein, Plaintiff attempts to assert several putative claims pertaining to its regulation by Centers for Medicare and Medicaid Services ("CMS") and the Pennsylvania Department of Health ("PA DOH").[2] In essence, Plaintiff contends that CMS and certain federal and state employees violated its "constitutional," "civil," and "accommodation" rights, including its "due process" right to an evidentiary hearing, and otherwise acted improperly, when they surveyed Plaintiff's operations in 2017 and found numerous "deficiencies"; recommended termination of Plaintiff's Medicare participation agreement based on those "deficiencies"; and sought to uphold that recommendation during subsequent administrative proceedings. (Docket No. 1). Plaintiff seeks millions of dollars in damages for a variety of alleged physical, emotional, and reputational injuries, as well as reversal of the July 1, 2021, administrative decision[3] that upheld CMS's termination of ASCHC's Medicare participation agreement. (*Id.* at pgs. 6, 20-21).

These claims appear to be derived from regulatory surveys conducted by PA DOH in August and September 2017 which resulted in the issuance of a notice of deficiencies (dated October 17, 2017) wherein CMS informed ASCHC that it was out of compliance with Medicare Conditions of Participation and its Medicare agreement would be terminated effective November 14, 2017. (Docket No. 13-1, pg. 9). CMS later reopened and revised its determination to add to its determination that ASCHC no longer met the statutory definition of a Medicare HHA. (*Id.* at pg.

---

[2]   CMS is a defendant here. Lauren Reinertsen and Michele Clinton, with CMS, are collectively the "Federal Defendants." (Docket No. 13). Defendants Warren Albert, Linn Dawn, and Linda Chamberlain are PA DOH employees who are collectively referred to as the "Commonwealth Defendants." (Docket No. 8).

[3]   This decision and the underlying administrative record are found at Docket Nos. 13-1 through 13-4. These materials are properly considered by the Court. *Wiggs v. Foley*, No. 5:20-CV-02267, 2021 WL 3164373, at *2 (E.D. Pa. July 27, 2021) (explaining courts may consider exhibits attached to a complaint "as well as undisputedly authentic documents if the complainant's claims are based upon these documents." (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010))).

10). ASCHC sought an administrative hearing before an Administrative Law Judge (ALJ), and before the ALJ CMS moved for summary judgment and argued there was no genuine dispute of material fact that ASCHC "was not primarily engaged in providing skilled nursing services and other therapeutic services and therefore … failed substantially to meet a part of the legal definition of a Medicare 'home health agency.'" (*Id.*). The ALJ agreed that ASCHC could not be considered an HHA. (*Id.* at pg. 12). The Department of Health and Human Services Departmental Appeals Board, Appellate Division, ultimately affirmed the ALJ's determination and rejected certain arguments raised by ASCHC (*e.g.*, denial of due process before the ALJ and allegations of CMS wrongdoing and ALJ bias). (*Id.* at pgs. 11-26).

After receiving that administrative decision, ASCHC sought further review of it and asserted various claims against the Federal and Commonwealth Defendants in this Court. The Defendants now move to dismiss. In support of their Motion to Dismiss, the Commonwealth Defendants argue that to the extent they have been sued in their official capacities as Commonwealth employees, they are immune from suit pursuant to the Eleventh Amendment of the U.S. Constitution. To the extent that ASCHC appears to have sued Commonwealth Defendant Dawn in both an individual and official capacity (*see* Docket No. 1), the Commonwealth has argued that ASCHC has failed to allege any personal involvement by Dawn in events that took place within the two years preceding filing of the Complaint in this matter; therefore, any claim against Dawn (or the other Commonwealth Defendants in their individual capacities) would be barred by the applicable statute of limitations on claims asserted pursuant to 42 U.S.C. § 1983. In support of their Motion to Dismiss, the Federal Defendants argue that to the extent Plaintiff seeks to pursue a *Bivens*[4] claim, it cannot do so as a corporate entity, nor may the Federal Defendants be

---

[4]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

subject to a *Bivens* claim in their official capacities. To the extent that ASCHC seeks review of the administrative decision upholding CMS's termination of ASCHC's Medicare provider agreement, the Federal Defendants argue that decision is legally correct and supported by substantial evidence.

The Court has considered the Defendants' arguments for dismissal of the Complaint and ASCHC's responses thereto, and makes the following determinations. The Court will dismiss ASCHC's claims against the Commonwealth Defendants in their official capacities pursuant to Fed. R. Civ. P. 12(b)(1) because such claims are indistinguishable from claims against the Commonwealth itself, and the "Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Diamond v. Pennsylvania State Educ. Ass'n*, 399 F. Supp. 3d 361, 378 (W.D. Pa. 2019), *aff'd,* 972 F.3d 262 (3d Cir. 2020) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). Further, no exceptions to immunity are applicable in this case. *See id.* (discussing exceptions to Eleventh Amendment sovereign immunity). To the extent ASCHC sued Commonwealth Defendant Dawn in an individual capacity, the Court will dismiss ASCHC's claims against Dawn pursuant to Fed. R. Civ. P. 12(b)(6) because ASCHC fails to allege that Dawn (or any of the individual Commonwealth Defendants) were personally involved in the alleged wrongdoing in the two years preceding ASCHC's filing of the Complaint in this matter. *See Runkle v. Pennsylvania, Dep't of Corr.*, No. CIV.A. 13-137, 2013 WL 6485344, at *3 (W.D. Pa. Dec. 10, 2013) (explaining that the statute of limitations for 42 U.S.C. § 1983 actions brought in federal courts in Pennsylvania is two years).

With respect to the Federal Defendants—CMS, Clinton in her official capacity, and Reinertsen in her official capacity (Docket No. 1, pg. 2)—the Court lacks jurisdiction because such claims are effectively against the United States and are thus "barred by the doctrine of sovereign immunity." *Brazelton v. Holt*, 462 F. App'x 143, 146 (3d Cir. 2012) (quoting *Consejo de*

4

*Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007)). And to the extent that ASCHC seeks reversal of the administrative decision, ASCHC has proffered no persuasive argument that the decision is legally incorrect or unsupported by substantial evidence. As the Federal Defendants point out, that decision was premised on ASCHC's failure to meet the statutory definition of an HHA,[5] and ASCHC has not offered any persuasive arguments that such determination was incorrect as a matter of law or inadequately supported when ASCHC failed to show the ALJ or the Board that ASCHC had active patients between August 2017 through January 2018 when CMS revised its basis for terminating the Medicare agreement. (*See* Docket No. 13-1, pg. 19).

For all these reasons, the Court will grant both the Commonwealth Defendants' and the Federal Defendants' Motions to Dismiss (Docket Nos. 7, 12). However, the Court will dismiss the claims in ASCHC's Complaint *without* prejudice at this time, in part because the Court's dismissal for lack of jurisdiction should be without prejudice[6] and in part because the courts "[o]rdinarily [give] a pro se plaintiff … leave to amend his complaint if it is vulnerable to a motion to dismiss." *Coppedge v. City of Philadelphia*, 514 F. App'x 80, 81 (3d Cir. 2013) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)).

Accordingly, the Court enters the following Order:

AND NOW, this 29th day of March 2024,

IT IS HEREBY ORDERED that

---

[5] 42 U.S.C. § 1395x ("The term 'home health agency' means a public agency or private organization, or a subdivision of such an agency or organization, which--(1) is primarily engaged in providing skilled nursing services and other therapeutic services[.]").

[6] *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) ("Figueroa argues that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.' We agree.").

1. The Commonwealth Defendants' Motion to Dismiss Complaint (Docket No. 7) is **granted** and Plaintiff's claims against the Commonwealth Defendants (Albert, Dawn, and Chamberlain) are **dismissed without prejudice**.

2. The Federal Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 12) is **granted** and Plaintiff's claims against the Federal Defendants (CMS, Clinton, and Reinertsen) are **dismissed without prejudice**.

3. If Plaintiff chooses to file an Amended Complaint, then such Amended Complaint shall be filed by **April 29, 2024**, in which case the Defendants shall file a response thereto by **May 29, 2024**.

4. If Plaintiff does not file an Amended Complaint by **April 29, 2024**, then those claims which have not been dismissed for lack of subject matter jurisdiction will be **dismissed with prejudice**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Cc/ecf:   All counsel of record

A SAMUEL'S CHRISTIAN HOME CARE (via U.S. Mail)
C/O Ebenezer M. Singha
309 Huron Street
Industry, PA 15052